## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE JAMES BUSH, JR.,          Case No. 1:13-cv-384
      Plaintiff,


                                   Barrett, J.
   vs                              Bowman, M.J.


UNITED STATES, et al.,           **REPORT AND**
      Defendants.           **RECOMMENDATION**


Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint alleging a violation of his federal constitutional rights. (*See* Doc. 1, Complaint, p. 2). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.

Plaintiff brings this action against the United States; the United States District Court for

the Southern District of Ohio; United States District Court Senior Judge, Herman J. Weber;

United States Magistrate Judge, Karen L. Litkovitz; assistant United States Attorney, Matthew

T. Horwitz; "Regional Counsel," Doris Grantmeir; and the Office of Regional Counsel in Akron,

Ohio. (*See* Doc. 1, Complaint, p. 2). Construing the complaint liberally, it appears that plaintiff

is complaining that no action has been taken by Judge Weber or Magistrate Judge Litkovitz in

another action filed by plaintiff with this Court against the United States and the Secretary of the

Department of Veterans Affairs, *see* Case No. 1:13-cv-76 (S.D. Ohio) (Weber, J.; Litkovitz,

M.J.), despite the fact that plaintiff explained to the Court in that case that he is "on financial

hardship and need[s] relief . . . granted immediately." (*See id.*, p. 5). Upon review of the docket

in Case No. 1:13-cv-76, it appears that the defendants in that action are represented by Matthew

Horwitz and that the matter is pending before the Court for ruling on the defendants' motion

filed April 30, 2013 to dismiss the complaint for lack of jurisdiction and failure to state a claim

and on plaintiff's motion filed May 31, 2013 "to forfeit case to me." In the instant action,

plaintiff does not request damages as relief, but asks that relief "be granted in the maximal

amount Judge can authorize[]" in the prior pending case. (*See id.*, pp. 4, 5).

This Court lacks subject matter jurisdiction to intervene in the matter pending before

another district court judge and, in any event, is unable to grant the relief requested by plaintiff

either by directing that relief be granted in the other pending action or by way of an order

directing the court in that case to rule on motions, which have only recently become ripe. *Cf.*

*Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) (affirming *sua sponte* dismissal of a

complaint against a federal district judge for dismissing a prior complaint that the plaintiff had filed, because "there was no basis for jurisdiction" shown, but rather plaintiff "seem[ed] to have simply mistakenly assumed that he could appeal a dismissal by one district court judge by suing that judge before another district court judge"); *see also Sanchez v. Biery,* No. 98-50423, 1999 WL 707870, at *1 (5th Cir. Aug. 5, 1999) (per curiam) (affirming screening dismissal of civil rights complaint against a federal district court judge and a magistrate judge seeking declaratory and injunctive relief in the form of reinstatement of the plaintiff's habeas petition); *Deshazer v. Federal Judges*, No. 08-1277, 2008 WL 4889998, at *1 (C.D. Ill. Nov. 12, 2008) (screening dismissal of complaint alleging a violation of the plaintiff's constitutional rights by United States Court of Appeals' judges deciding the plaintiff's criminal appeal because the court lacked jurisdiction over the appeal). As the court in *Deshazer* similarly pointed out, *see Deshazer, supra*, 2008 WL 4889998, at *1, plaintiff must seek the relief he is requesting by filing motions for expedited review and/or any other requests or objections regarding the handling of his other pending case with the court that is presiding in that matter.

Furthermore, even assuming that this Court has subject matter jurisdiction to consider plaintiff's complaint and to intervene in the other case pending before Judge Weber and Magistrate Judge Litkovitz, plaintiff's allegations fail to state a claim of federal constitutional dimension against any of the named defendants. Plaintiff has alleged no facts even remotely suggesting a violation of his constitutional rights has occurred in that proceeding.

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal with prejudice for lack of subject matter jurisdiction and on the ground that plaintiff has not stated a cognizable claim for relief against the named defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


　　　　　　　　　　　　　　　 *s/ Stephanie K. Bowman*
　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　United States Magistrate Judge

5

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIE JAMES BUSH, JR.,                                  Case No. 1:13-cv-384
      Plaintiff,

                                              Barrett, J.

      vs                                                   Bowman, M.J.

UNITED STATES, et al.,
      Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc