UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIE JAMES BUSH, JR.,          CASE NO.: 1:13-CV-384

    Plaintiff,                                 Barrett, J.
                                           Bowman, M.J.

    v.

UNITED STATES, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("Report"). (Doc. 6).[1] In the Report, the Magistrate Judge recommends that Plaintiff's Complaint (Doc. 5) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff be denied leave to appeal *in forma pauperis*. (Doc. 6, p. 5).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[2] Petitioner has filed timely Objections to the Report. (Doc. 7).

In his Objections, Plaintiff contends that his Complaint is not frivolous because he had a "heart attack" and complains that he has not received a response to motions filed on May 31, 2013 and June 3, 2013. (Doc. 7, p. 1). He requests that he be permitted to

---

[1] All document citations are to the Court's docket entry numbers.

[2] Notice was attached to the Report. (Doc. 6, p. 6).

1

proceed with this case as well as two other cases he filed in the Southern District of Ohio, and he requests that the Clerk's office update the software so that assigning judges will not have a conflict of interest. (*Id.*) He then requests that all six judges presiding over his various cases pending in this district court be removed. (*Id.*)

Plaintiff's Objections do nothing to change the Magistrate Judge's correct conclusion that the Complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, Plaintiff's Objections do not change the fact that this Court lacks subject matter jurisdiction to intervene in the matter pending before another district court judge or the fact that this Court is unable to grant the relief requested by Plaintiff either by directing that the relief be granted in the other pending actions or by way of an order directing the judges in that case to rule on the motions that just recently became ripe. (*See* Doc. 6, pp. 3-4) (citing relevant caselaw). Moreover, this Court agrees with the Magistrate Judge that even if it had subject matter jurisdiction to consider the Complaint or to intervene in the case pending before Judge Weber and Magistrate Judge Litkovitz, Plaintiff has alleged no facts that even remotely suggest a plausible claim of a federal constitutional dimension against any of the named defendants. (*See* Doc. 6, p. 4; *see also* Doc.4).

As to Plaintiff's request for removal of judges as it pertains to the undersigned, it is construed as a motion for recusal. 28 U.S.C. § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must be recused from a case "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v.*

*Tolbert*, 459 Fed. App's 541, 545 (6th Cir. 2012) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted)). "The standard is an objective one, and a judge 'need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held.'"  *Id.* (quoting *Sammons*, 918 F.2d at 599 (citation and internal quotation mark omitted)).  Here, there are no facts or circumstances that reasonably or objectively call into question the undersigned's impartiality.  As such, the recusal of the undersigned is not warranted in this matter.

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Report to be thorough, well reasoned and correct.  The Report is **ADOPTED** (Doc. 6), and Plaintiff's Objections (Doc. 7) are **OVERRULED**.  It is **ORDERED** that:

1. Plaintiff's Complaint (Doc. 4) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons and the reasons set forth in the Report that an appeal of this Order would not be taken in good faith, and therefore, it denies Plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part*, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/ Michael R. Barrett  
Michael R. Barrett, Judge  
United States District Court